| | |
|---|---|
| UNITED STATES BANKRUPTCYCOURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>In re:                                                                                                                              :<br>        Donald J. McCormick,                      :<br>                                            Debtor.   :<br>-------------------------------------------------------------X | **FOR PUBLICATION**<br><br>Chapter 13<br><br>Case No. 07-37064 (cgm) |

# MEMORANDUM DECISION DENYING DEBTOR'S APPLICATION
# TO EXTEND AUTOMATIC STAY TO
# HIS LIMITED LIABILITY CORPORATION

**A P P E A R A N C E S:**

Ronald De Caprio
Attorney At Law
65 West Ramapo Road
Garnerville, NY 10923
*Counsel for Debtor, Donald J. McCormick*

Gary M. Kushner
Joseph J. Haspel
Forchelli, Curto, Schwartz,
Mineo, Carlino & Cohn, LLP
330 Old Country Road
P.O. Box 31
Mineola, New York 11501
*Counsel for Joseph and Patricia Zwielech*

Connie Clark
4 Wileys Swamp Court
Athens, New York 12015
*Pro se creditor*

## CECELIA G. MORRIS, U. S. B. J. :

       Before the Court is an application filed by Donald J. McCormick (the "Debtor") requesting the automatic stay under 11 U.S.C. § 362(a) in his case be extended pursuant to the Court's powers under 11 U.S.C. § 105 to his limited liability corporation, Donald J.

McCormack Construction, LLC ("LLC"), (hereinafter "Application"). Debtor requests this relief in order to "stay" actions and collections currently pending against the LLC. Joseph and Patricia Zwielech, who identify themselves as judgment creditors of both the Debtor and the LLC, filed opposition to the Application ("Zwielechs"). Connie Clark, a pro se creditor, orally opposed Debtor's application.

After reviewing the parties' submissions and considering the arguments presented at the January 31, 2008 hearing, the Court denied Debtor's Application. The Court's reasoning is the basis for this opinion.

## JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1334(a), 28 U.S.C. Section 157(a) and the Standing Order of Reference signed by Acting Chief Judge Robert J. Ward dated July 10, 1984. The instant matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

## BACKGROUND FACTS

Debtor is self-employed as a general contractor and the sole member of the LLC. On December 27, 2007, Debtor filed for relief under Chapter 13 of the Bankruptcy Code. Commensurate with the filing, Debtor also filed his chapter 13 petition and schedules ("Schedules"), a chapter 13 plan ("Plan") and a chapter 13 statement of current monthly income ("Income Statement"). On the first page of Debtor's petition, under the section "Type of Debtor," Debtor selected "Individual (includes joint debtors)" and the second option "Corporation (including LLC and LLP)" is not selected.

Debtor's Summary of Schedules list $536,545.00 in assets and $994,389.20 in liabilities. Debtor's unsecured debt is listed as $578,883.81 and each item is marked contingent, unliquidated and disputed. Debtor did not fill out the scheduled titled "Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)" and instead indicated that his debts were not primarily consumer. Debtor lists various creditors in his Schedules D and F, including companies such as Big Top Portable Toilets, Inc., Bonded Concrete, Inc. and individuals such as the Zwielechs. Debtor indicates that many of these claims are shared with codebtors, identified in Schedule H as

his spouse, Christine M. McCormick, "Donald J. McCormick Const." and "McCormick Construction, LLC."

Debtor's Income Statement shows an individual monthly income of $2,150.26 and a joint monthly income of $7,466.26. Debtor lists $11,022.30 in deductions on line 51 of the Income Statement for a total monthly disposable income of negative $4,255.31. Debtor's plan proposes a sixty-month term with $100 to be paid by Debtor each month. Debtor's employer is listed as Donald J. McCormick Construction, LLC. Debtor's Statement of Financial Affairs indicates that four debts are not consumer. These are monthly payments of $1,894.75 to the Bank of Greene County, $2,746.41 also payable to the Bank of Greene County, $491 to "GMAC," and $16,500 to Joseph and Christine Caruso.

On January 14, 2008, Debtor filed the instant Application for an extension of the automatic stay to the LLC. The Court notes that the LLC identified in Debtor's Application is not named in Schedule H, although it appears that Debtor is referring to "Donald J. McCormick Const." when referencing the LLC. Debtor provided the Court with no information about the LLC, for example a copy of its articles of organization. Debtor only stated judgments were issued against both the LLC and himself. On January 28, 2007, the Zwielechs filed opposition to the Application ("Opposition"). A hearing was held on January 31, 2008 at which Joseph Haspel, counsel for the Zwielechs, Connie Clark, a *pro se* creditor, and Debtor's counsel all appeared ("Hearing").

## **DISCUSSION**

It is widely accepted, except as provided in 11 U.S.C. § 1301 *infra*, the automatic stay created upon the filing of a bankruptcy petition is limited to debtors and does not encompass nonfiling codefendants. See *Teachers Ins. & Annuity Ass'n v. Butler,* 803 F.2d 61, 65 (2d Cir.1986). Several decisions have offered circumstances where a bankruptcy court, using its extraordinary powers under 11 U.S.C. § 105(a), may extend the automatic stay afforded to debtors under 11 U.S.C. § 362(a) to a nondebtor if the court foresees an adverse economic consequence that would negatively impact the debtor's ability to reorganize if the relief were not granted. Debtor argues the Court should apply this line of cases to his situation because the collection actions currently

3

pending against the LLC will result in his inability to reorganize under chapter 13. See Application at ¶5 and ¶8.

## *A. Are limited liability companies eligible to be debtors or codebtors under chapter 13 of the Bankruptcy Code?*

**[1]  A limited liability company may not be a debtor under chapter 13 of the Bankruptcy Code.**

Unlike chapters 7 and 11 of the Bankruptcy Code which allow an individual or a business to be a debtor, chapter 13 limits the eligibility of debtors to individuals only. To elucidate, the word "person", which is defined under Code Section 101(41) as including "individuals, partnership[s] and corporation[s]", is employed in Section 109(a) which states a "person … may be a debtor under this title." 11 U.S.C. §§ 101(41) and 109(a). Under Section 109(b), "[a] person may be a debtor under chapter 7 of this title *only* if such a person is not [a railroad, an domestic or foreign insurance company or a domestic or foreign bank] … ." 11 U.S.C. § 109 (emphasis added).  Railroads, banks and persons entitled to file under chapter 7 of the code are also entitled to file under chapter 11. 11 U.S.C. § 109(d). But, Section 109(e) limits the eligibility of debtors entitled to file under chapter 13 to "…an individual with regular income[1] that owes, on the date of the filing the petition, noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent liquidated, secured debts of less than $1,010,650, or an individual with regular income and such individual's spouse … ." 11 U.S.C. § 109.

Based on the Court's interpretation of Bankruptcy Code §§ 101(41) and 109, a limited liability company is not eligible to file under chapter 13 of the Bankruptcy Code because it is not considered to be an individual under the Code. See *Collier on Bankruptcy* (15th ed. 2007) at ¶109.06.

---

[1]   The term "individual with regular income" is defined as an "individual whose income is sufficiently stable and regular to enable such individual to make regular payments under a plan under chapter 13 of this title …" 11 U.S.C. § 101(30).

4

**[2]   A limited liability company may not be a codebtor or a joint debtor under chapter 13 of the Bankruptcy Code.**

Congress created a limited extension of the automatic stay for individuals with consumer debt under 11 U.S.C. § 1301 which is commonly referred to as the "codebtor stay." Section 1301(a), which is captioned "stay of action against codebtor," states "[e]xcept as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a *consumer debt* of the debtor from any *individual* that is liable on such debt with the debtor …" 11 U.S.C. § 1301 (emphasis added). The Court notes the specific use of the terms "consumer debt" and "individual" by the Code. "Consumer debt" is defined as the "debt incurred by an individual primarily for a personal, family or household purpose." 11 U.S.C. § 101(8). Based on these definitions, the Court interprets the "codebtor stay" to be limited in scope and only available to individuals with consumer debts. As noted previously, Debtor did not fill out the schedule titled "Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)" and instead indicated his debts were not primarily consumer. Therefore, by Debtor's own admission, even if this Court were inclined to extend the codebtor stay to the LLC, which it cannot because an LLC is not an individual, it would be prevented by that language of Code Section 1301(a) which narrows its applicability to consumer debts.

Debtor includes two limited liability companies in Schedule H of his petition: "Donald J. McCormick Const." and "McCormick Construction, LLC." Based on the Courts findings *supra*, the inclusion of these companies was improper and may not be "codebtors" this chapter 13 case.

Lastly, there is "[n]o provision in the Code [permitting] an individual and a business to file jointly. Thus, when an LLC and one of its members both seek to file a bankruptcy petition, they must do so separately." See *In re Calhoun*, 312 B.R. 380, 383 (N.D. Iowa 2004) (denying the extension of the automatic stay to a chapter 7 debtor's limited liability company). For the reasons stated above only Debtor's spouse, Christine M. McCormick, as the only individual listed in Schedule H, may be a codebtor in this action. The LLC, McCormick Construction, LLC and Donald J. McCormick Const. are not entitled to this same privilege.

5

*B. Can the automatic stay under 11 U.S.C. § 362(a) enjoyed by an individual chapter 13 Debtor be extended to his wholly owned limited liability company?*

**[1] The Court will not extend the protection of automatic stay created by Debtor's filing under chapter 13 of the Bankruptcy Code to his LLC under 11 U.S.C. § 1304.**

As Debtor explained in his Application and during the Hearing, he wishes to continue operating his LLC during the pendency of his bankruptcy case. Debtor's concern is creditors will attack any monies earned by the LLC unless it is also protected. Debtor asks this Court to extend the automatic stay protection that arose upon the filing of his personal bankruptcy case under 11 U.S.C. § 362 to his LLC. Application at ¶5. Section 362(a) states:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> >
> > (2) the enforcement, against the debtor or <u>against property of the estate</u>, of a judgment obtained before the commencement of the case under this title;
> >
> > (3) any act to obtain possession <u>of property of the estate</u> or of property from the estate or to exercise control over property of the estate;
> >
> > (4) any act to create, perfect, or enforce any lien <u>against property of the estate</u>;
> >
> > (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

6

>      (6) any act to collect, assess, or recover a claim against the debtor
>      that arose before the commencement of the case under this title;
>
>      (7) the setoff of any debt owing to the debtor that arose before the
>      commencement of the case under this title against any claim
>      against the debtor; and
>
>      (8) the commencement or continuation of a proceeding before the
>      United States Tax Court concerning a corporate debtor's tax
>      liability for a taxable period the bankruptcy court may determine or
>      concerning the tax liability of a debtor who is an individual for a
>      taxable period ending before the date of the order for relief under
>      this title.

11 U.S.C. § 362 (2007) (emphasis added).

Debtor offers several arguments as to why the automatic stay can be extended to the LLC. First Debtor references Bankruptcy Code Section 1304. Section 1304(a), captioned "debtor engaged in business," defines the phrase "engaged in business" in relevant part as a "debtor that is self-employed and incurs trade credit in the production of income from such employment …." Section 1304(b) states "[u]nless the court orders otherwise, a debtor … may operate [his] business … [subject to limitations prescribed by the court and the trustee]." Lastly, Section 1304(c) states "[a] debtor engaged in business shall perform the duties of the trustee specified in section 704(a) of this title." 11 U.S.C. § 1304.

Debtor argues "Section 1304 … permits a debtor to continue to operate a business of a debtor [*sic*], as long as the purpose of the operation of the entity is consistent with the basic tenets of the Bankruptcy Code." Application at ¶ 6. The Court does not disagree that a debtor may continue to operate a business under this Code section, but the Court must point out that this section, by its terms, does not extend the automatic stay of 11 U.S.C. § 362(a) to limited liability companies. Instead it allows a debtor who is self-employed in a sole proprietorship to continue in this capacity. See *Collier on Bankruptcy* (15th ed. 2007) at ¶1300.40[3] (citing H.R. Rep. No. 95-595 (1977)). A sole proprietorship is "a business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." Black's Law Dictionary 1427 (8th ed. 2004). An individual may form a sole proprietorship simply by "going into business." The state of New York does not require notice unless the sole proprietor plans

to operate the business under a fictitious name. See N.Y. Gen. Bus. § 130 (2007). Because this business form offers no liability protection to the owner, the personal assets of the owner, including his home, investments and even automobile will be at risk if the assets of his business are insufficient to satisfy the debts of the business.

The Court recognizes that the Debtor is "self-employed," but unlike a sole proprietor, he has chosen to protect his personal assets from his business creditors by creating a limited liability company and registering it with the state.[2] See *White on New York Business Entities* (2004) at ¶609.01 ("No member, manager, or agent of an LLC … is personally liable for any debts, obligations, or liabilities of the LLC … whether arising in tort, by contract, or otherwise, solely by reason of being a member, manager, or agent … of the LLC … .") As a result, Debtor has excluded himself from the class of self-employed debtors contemplated by Code Section 1304. Therefore, for the reasons listed above, Debtor's automatic stay may not be extended to the LLC under Bankruptcy Section 1304.

**[2] The Court will not extend the protection of automatic stay created by Debtor's filing under chapter 13 of the Bankruptcy Code to the LLC under either *Calpine* or *Queenie*.**

Debtor also argues that the automatic stay should be extended to the LLC using the Court's extraordinary powers under 11 U.S.C. § 105(a) pursuant to the decisions *Nevada Power Co. v Calpine Corp. (In re Calpine)*, 365 B.R. 401 (S.D.N.Y 2007) and *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003). Application. at ¶8. If the Court does not extend the automatic stay, as allowed by these cases, Debtor predicts that there will be "imminent irreparable harm" to his LLC and his ability to reorganize in chapter 13. Debtor does not identify what harms will result but alludes to

---

[2] According to the New York State Division of Corporation's website, the LLC was formed on January 22, 2002 in Dutchess County, New York. Debtor is listed as recipient for service of process upon the LLC. The Court also found a listing for McCormick Construction LLC, which is registered in Sullivan County and was formed on March 16, 2005. Source: http://appsext8.dos.state.ny.us/corp_public/corpsearch.entity_search_entry

8

creditors pursuing collection actions against the LLC and these pursuits impacting his ability to reorganize under chapter 13. *Id.*

The Second Circuit has explained that the automatic stay pursuant to § 362(a) is generally limited to debtors and does not encompass nonbankrupt codefendants. *Gucci, America, Inc. v. Duty Free Apparel, Ltd*, 328 F.Supp.2d 439, 441 (S.D.N.Y. 2004) (citing *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)). However, courts have extended the protection of the automatic stay to nondebtors who are officers, guarantors, sureties and/or directors of corporations where necessity so required. See *Gucci* at 441-442 (list of examples) and *Calpine Corp. v. Nevada Power Co. (In re Calpine Corp.)*, 354 B.R. 45, 49 (Bankr. S.D.N.Y. 2006). Because both the bankruptcy court's decision and the district court's affirmation of the bankruptcy court's decision in *Calpine* are widely known this Court will not offer an exegesis on either holding. Briefly, the district court in *Calpine* upheld the bankruptcy court's decision to extended the automatic stay under 11 U.S.C. § 362(a) using its Section 105 powers to preliminarily enjoin litigation pending against the Chapter 11 debtor's surety. The district court cited the decision *A.H. Robins Co. v. Piccinin* as support since the Fourth Circuit held the automatic stay could be extended to enjoin civil proceedings against nondebtors in "unusual circumstances." *Calpine*, 365 B.R. at 408 citing *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986). The district court also cited to the *Queenie Ltd. v. Nygard Int'l, supra,* as support for the proposition that "the automatic say can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id.* (citing *Queenie at* 287).

The Second Circuits opinion in *Queenie* is of particular interest to this Court. As mentioned above, most, if not all courts consider the extension of the automatic stay under Code Section 362(a) to a nondebtor to be extraordinary relief. Because of this, this Court has found that when an extension is allowed it is in circumstances where the debtor is a corporation and the nondebtor is an individual or related corporation deemed necessary for the reorganization of the debtor corporation. See, generally, *A.H. Robins Co. v. Piccinin,* 788 F.2d 994 and *In re Calpine Corp.* at 49. However in *Queenie*, the Second Circuit approved the extension of the automatic stay from an individual chapter

9

11 debtor's case to his wholly owned corporation. The *Queenie* case began as a trademark dispute filed in the Southern District of New York in 2002. Marc Gardner, one of four plaintiffs in the action, was the president and sole shareholder of Queenie, Ltd., which was also a plaintiff. After a jury trial, defendant Nygard was awarded punitive damages of $250,000 against Queenie and $500,000 against Gardner. 321 F.3d at 286. Plaintiffs' motion for a new trial was denied. Plaintiffs then filed an appeal. In the interim, Gardner filed for protection under chapter 11[3], which stayed the district court appeal as to him personally under 11 U.S.C. § 362(a). *Id.* at 287. Gardner also asserted the automatic stay should also be applied to Queenie, Ltd. The Second Circuit agreed and held that the "the automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id.*

The Second Circuit listed several examples of immediate adverse economic consequences including: (1) a claim against a non-debtor for an obligation for which the debtor was a guarantor, (2) a claim against a debtor's insurer, and (3) actions where there is an identity between the debtor and third-party defendant that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. *Id.* (citations omitted). But, courts have cautioned that extensions of the automatic stay are reserved for "special circumstances" and typically apply to those lawsuits that threaten serious risk to a reorganization of debtor's estate in the form of immediate adverse consequences. *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp.2d at 441-442 (citing *Queenie,* 321 F.3d at 287-288).

While this Court does not reject Debtor's concerns that adverse consequences may result without the extension of the automatic stay to his LLC, the Court must first comply with the Bankruptcy Code and governing case law. The Court understands that Debtor is employed by the LLC, and any action against the LLC may impact his "employment" and ultimately his ability to reorganize under chapter 13. The Court does not find this argument persuasive. The Debtor has never provided this Court a

---

[3] Gardner filed for relief under Chapter 11 of the Bankruptcy Code on November 14, 2002, Case No. 02-43420. His case was converted to Chapter 7 on March 14, 2003.

10

satisfactory explanation for why he could not cause the LLC to file its own bankruptcy case which, as his counsel admitted during the hearing, would invoke the automatic stay on behalf of the company and thereby stay all pending collection actions against it.

Additionally, this Court notes that the debtors in both *Queenie* and *Calpine* filed for protection under chapter 11 of the bankruptcy code and not chapter 13 as Debtor has done. The Court also undertook its own case law research and found no examples, in any district, where a court extended the automatic stay in a situation such as the one presented by Debtor.[4] Given the Court's determination, *supra*, that a limited liability company cannot be a debtor or codebtor under chapter 13 of the bankruptcy code, under these circumstances, this Court cannot enlarge the holdings of *Queenie* and *Calpine* and extend the automatic stay to Debtor's LLC. As a result the Court must deny Debtor's request for this relief because the request is both extraordinary and contrary to the Bankruptcy Code.

### *C. Can the automatic stay under 11 U.S.C. § 362(a) be extended to a Debtor's wholly owned limited liability company under the theory that ownership of the LLC constitutes property of the estate?*

During the Hearing, Debtor proposed that the automatic stay be extended to his LLC under what the Court will call the "property of the estate" theory. Under New York's Limited Liability Company statute, membership interest in a limited liability company is considered personal property. N.Y. Ltd. Liab. Co. § 601 (2007). Therefore, the Court agrees, under Code Section 541(a)(1), Debtor's interest in the LLC became property of the estate when he filed his petition on December 27, 2007. 11 U.S.C. § 541 (2007).

However, the Court finds that Debtor's property interest in the LLC is confined to the intangible rights of ownership allowed under New York code. See generally *In re Calhoun* at 312 B.R. 312 B.R. at 384. Although Bankruptcy Code Section 362(a) bars creditors from asserting control over the property of a debtor's estate without prior court

---

[4] The Court located one opinion where a court held the automatic stay afforded to an individual under chapter 7 of the code would not be extended to the limited liability companies he purportedly held an interest in and listed in his petition. See *In re Calhoun*, *supra*.

11

approval, it is unclear what impact the collection actions briefly described in the Application will have on Debtor's "intangible rights of ownership" since Debtor's shares in the LLC have no value according to his petition and Debtor admitted during the Hearing that the LLC "was essentially a shell."

Furthermore, Debtor did not provide this Court with any evidence that the pending actions against the LLC will have an immediate adverse economic consequence to the estate's interest in the LLC's stock.

## **CONCLUSION**

Based on the forgoing, after a careful review of the totality of the circumstances presented, Debtor's Application to extend the automatic stay afforded him under 11 U.S.C. § 362 to his limited liability company is denied.

Dated: February 8, 2008                                    */s/ Cecelia Morris*
       Poughkeepsie, New York                    _____
                                                                Honorable Cecelia G. Morris
                                                              United States Bankruptcy Judge